[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO SET ASIDE VERDICT DATED NOVEMBER 27, 2002
The Court, having reviewed the plaintiff's motion, and having reviewed the cases cited therein, specifically, Malmberg v. Lopez, 208 Conn. 275208 Conn. 275 (1988); Fox v. Colony T.V. Appliance, Inc.,37 Conn. App. 453 (1995); and Ginsberg v. Fusaro, 225 Conn. 420 (1993), is satisfied that the verdict rendered in this particular case was not manifestly unjust, and the finding of fact by the trier of fact was warranted by the totality of the evidence.
Under the Malmberg decision, the Court would be required to order a new trial and set aside the verdict where it appears that confusion exists on the part of the trier, vis-a-vis, the rules for determination of damages and rules for determination of liability. If it appears that such confusion exists, the Court would remand for retrial on all issues.
In the instant matter, the Court finds that no confusion whatsoever existed on the part of the trier. The trier clearly understood its obligation to determine liability, and thereafter to determine any damages proximately caused by the negligence of the defendant.
The evidence at trial clearly established minimal rear-end impact. The plaintiff did not seek, by way of relief in its complaint, property damage as an element of damages, but simply sought damages for personal injury, pain and suffering. From the evidence adduced, the jury could have reasonably found that there may have been minimal property damage, but any personal injury was not proximately caused by the accident in question. Therefore, the plaintiff failed to establish, to the satisfaction of the trier, proximate cause for any alleged personal injury.
Additionally, the trier could have reasonably concluded that any back pain injury, or the like, was a direct result of a pre-existing condition, as testified to through plaintiff's expert, who indicated a CT Page 2763 pre-existing condition of degenerative disc disease, among other pre-existing conditions.
The Court therefore concludes that the verdict rendered was consistent with the credible evidence; that there is no manifest injustice by the verdict; and there was no confusion on the part of the trier, vis-a-vis, liability and damages. The jury's verdict was supported by rather than palpably against the evidence.
For the above stated reasons, the Motion to Set Aside the Verdict is denied.
Comerford, J. CT Page 2764