ROBERT STROUTH ET AL. *v.* POOLS BY MURPHY AND SONS, INC., ET AL.
(AC 22245)

Lavery, C. J., and Foti and Mihalakos, Js.

Argued May 12—officially released August 26, 2003

*Jeffrey C. Kestenband,* with whom, on the brief, was *James A. Wade,* for the appellant (named defendant).

*Paul L. Rubin,* for the appellees (plaintiffs).

*Opinion*

LAVERY, C. J. In this breach of contract action, the defendant Pools by Murphy and Sons, Inc.,[1] appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the plaintiffs, Robert Strouth and Caroline Strouth. On appeal, the defendant claims that the court improperly (1) determined that the construction of a kidney shaped swimming pool constituted a material breach of the parties' contract and (2) failed to award restitution. We affirm the judgment of the trial court.

The court found the following facts that are relevant to the defendant's appeal. The plaintiffs, owners of a residence in West Suffield, contacted the defendant in May, 1998, because they were interested in having a swimming pool installed in their yard. Ed Carter, the defendant's salesman at that time, visited the property and met with the plaintiffs on May 19, 1998. After viewing a color brochure depicting various shapes for pools and spas, the plaintiffs decided on a peanut shaped pool with a circular six foot interior spa. They informed Carter of their choice. Carter drew a contract for the

[1] Green Tree Financial Services Corporation also was a defendant. The plaintiffs, however, withdrew the action as against Green Tree Financial Services Corporation. We therefore refer in this opinion to Pools by Murphy and Sons, Inc., as the defendant.

construction of a pool. The contract specified a "custom" shaped pool, forty feet long by twenty feet wide.

Dennis Murphy, the defendant's president,[2] arrived at the property on July 16, 1998, to commence excavation. He showed Caroline Strouth a picture of the kidney shaped pool he planned to dig and laid out staking. She told Murphy that the picture he was showing her did not look like the pool she was expecting. Murphy assured her that the pool would look like she expected it to when completed. The excavation was in the shape of a kidney. After the excavation was complete, a crew arrived to install the steel frame (rebar). An electrician and plumber also did work at the property. The rebars outlined an almond-shaped spa, not a circular spa.

After receiving a bill from the defendant for additional excavation time incurred because the defendant hit ledge on the first day of excavation, Robert Strouth telephoned the defendant to complain about the extra cost. He spoke to Joseph Murphy, the father of Dennis Murphy and an employee of the defendant. After a short, acrimonious conversation, Joseph Murphy abruptly terminated the conversation. Robert Strouth did not have an opportunity to complain that the pool was not excavated in the shape for which he and his wife had contracted.

Four days later, Robert Strouth contacted the defendant and ordered it to discontinue all work at the property. Carter telephoned the plaintiffs several times to try to work out a completion of the pool. On September 20, 1998, the defendant sent a letter to the plaintiffs in which it offered to complete the pool at the property with a circular spa. There was never an offer to reconfigure the pool in a peanut shape. Substantial additional work would have been needed to complete the kidney

---

[2] We note that the court found that Murphy was the owner of the defendant corporation. In fact, Murphy's testimony indicated that he was its president.

shaped pool, which was not the pool for which the plaintiffs had contracted. The excavation remained, in a deteriorated condition, in the backyard.

In 1999, the plaintiffs brought the present action. As to the defendant, they claimed damages for breach of contract, unjust enrichment and unfair trade practices in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The defendant filed a counterclaim, alleging breach of contract. The court rendered judgment for the plaintiffs on the breach of contract claim and awarded damages in the amount of $10,618.63. The court rendered judgment for the defendant on the plaintiffs' claims of unjust enrichment and unfair trade practices, and for the plaintiffs on the defendant's counterclaim.

In its memorandum of decision, the court determined that the word "custom," used in the contract to describe the shape of the pool, was ambiguous. It found that the plaintiffs believed they were contracting for a peanut shaped pool and that the defendant subsequently interpreted the contract as calling for a kidney shaped pool. Because "custom" could describe a kidney shaped pool or a peanut shaped pool, the court determined that the ambiguity should be construed against the party who drew the contract, which was the defendant. The court concluded that "[t]he parties entered into a contract on May 19, 1998, for construction of a peanut shaped pool, forty feet long by twenty feet wide with an interior, circular six foot spa." The court determined that the kidney shaped pool, begun by the defendant, was a substantial deviation from the pool for which the plaintiffs had contracted. It therefore held that the defendant's failure to build the pool in a peanut shape with a circular interior spa was a material breach of the parties' contract that justified the plaintiffs in terminating additional construction of the kidney shaped pool. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly determined that the construction of a kidney shaped pool constituted a material breach of the parties' contract. Specifically, the defendant argues that the construction of a kidney shaped pool would have amounted to substantial performance of the parties' contract and, therefore, the plaintiffs breached the parties' contract when they ordered the defendants to discontinue all work at the property. We are not persuaded.

The issue here is whether the construction of a kidney shaped pool, when the contract called for a peanut shaped pool, constituted a material breach of the parties' contract so as to justify the plaintiffs in not performing their remaining duties under the contract. See *Bernstein* v. *Nemeyer*, 213 Conn. 665, 672–73, 570 A.2d 164 (1990) ("[i]t follows from an uncured material failure of performance that the other party to the contract is discharged from any further duty to render performances yet to be exchanged"); *John Arborio, Inc.* v. *Scapin*, 121 Conn. 492, 497, 186 A. 488 (1936); 2 Restatement (Second), Contracts § 237 (1981). The defendant does not challenge the underlying facts found by the court.

Ordinarily, the determination of whether a contract has been materially breached is a question of fact, subject to the clearly erroneous standard of review. See *Bernstein* v. *Nemeyer*, supra, 213 Conn. 670; *669 Atlantic Street Associates* v. *Atlantic-Rockland Stamford Associates*, 43 Conn. App. 113, 126, 682 A.2d 572, cert. denied, 239 Conn. 949, 950, 686 A.2d 126 (1996); cf. *Pisani Construction, Inc.* v. *Krueger*, 68 Conn. App. 361, 364, 791 A.2d 634 (2002). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence

is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Frillici* v. *Westport*, 264 Conn. 266, 277, 823 A.2d 1172 (2003).

"In *Bernstein* v. *Nemeyer*, [supra, 213 Conn. 672], our Supreme Court approved the multifactor standards for materiality contained in § 241 of the Restatement (Second) of Contracts. 'In determining whether a failure to render or to offer performance is material, the following circumstances are significant: (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected; (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived; (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture; (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; [and] (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.' 2 Restatement (Second), [supra, § 241]." *669 Atlantic Street Associates* v. *Atlantic-Rockland Stamford Associates*, supra, 43 Conn. App. 125–26.

The standards of materiality "[are] to be applied in the light of the facts of each case in such a way as to further the purpose of securing for each party his expectation of an exchange of performances. [Section 241] therefore states circumstances, not rules, which are to be considered in determining whether a particular failure is material." 2 Restatement (Second), supra, § 241, comment (a).

The court, in its memorandum of decision, did not specifically apply the standards of materiality enunciated in § 241 of the Restatement. The court did, how-

ever, find that the construction of a kidney shaped pool would be a substantial deviation from the shape of the pool for which the plaintiffs contracted and that the plaintiffs "were not obliged to have a pool built in their backyard that did not conform to the pool for which they contracted." The court also found that although the defendant had offered to complete the pool with a circular spa, it never offered to reconfigure the pool to a peanut shape. Thus, it would appear that the court, essentially, focused on the criteria set forth in § 241 (a) and (d) to reach its conclusion that the construction of a kidney shaped pool constituted a material breach of the parties' contract. Under the circumstances, we cannot say that the court's conclusion was clearly erroneous.

Although the defendant argues that the construction of a kidney shaped pool would not deprive the plaintiffs of the benefit that they reasonably expected because the pool would still be fit for its intended use, we are not convinced that constructing a pool in the shape of a kidney, when the contract called for a pool in the shape of a peanut, would have constituted substantial performance. We therefore conclude that the court's determination that the defendant materially breached the parties' contract, thereby excusing the plaintiffs from any further performance due under the contract, was not clearly erroneous.

## II

The defendant's next claim is that the court improperly failed to award restitution. Specifically, the defendant claims that it is entitled to "restitution for its costs, labor and expenses in the amount of $5471, which included $2158 for the commission paid to Ed Carter . . . $1000 for the first day of excavation . . . $750 for the second day of excavation . . . $908 for installation

of the steel rebar . . . and $505 for installation of plumbing . . . ." We decline to review that claim.

"This court will not review issues of law that are raised for the first time on appeal. . . . We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim." (Internal quotation marks omitted.) *State* v. *Moody*, 77 Conn. App. 197, 204, 822 A.2d 990, cert. denied, 264 Conn. 918, 827 A.2d 707 (2003).

In the present case, the issue of restitution was not distinctly raised at trial, nor was it ruled on by the court. The defendant's counterclaim stated a claim for breach of contract only, and the allegations in that counterclaim did not give notice that the defendant was stating a claim in equity for restitution.[3] Cf. *Moulton Bros., Inc.* v. *Lemieux*, 74 Conn. App. 357, 360–62, 812 A.2d 129 (2002). The first time the defendant raised the issue of restitution was in a posttrial memorandum to the court, entitled "Defendant's Proposed Findings of Fact and Conclusions of Law." In that posttrial memorandum, the defendant asked the court to grant relief in quantum

---

[3] The defendant's counterclaim states:

"1. Plaintiff is a Connecticut corporation engaged in the business of swimming pool sales and installation.

"2. Defendants are individuals residing in the Town of West Suffield, Connecticut.

"3. On or about May 19, 1998, the Plaintiff and Defendant entered into a[n] agreement for the installation of a swimming pool at the Defendants' residence. (a copy of said Agreement is attached as Exhibit A).

"4. The Plaintiff commenced performance of its obligations under the contract.

"5. On or about July 30, 1998 Defendants breached their agreement by notifying Plaintiff of their intentions not to proceed with the completion under the Agreement.

"6. Plaintiff remains ready, willing and able to perform under the Agreement."

meruit, a remedy in restitution. Although the court rendered judgment on the plaintiffs' three claims and on the defendant's counterclaim, it did not mention any form of equitable relief. The defendant did not request that the court render judgment on its claim for quantum meruit or file a motion for articulation of the court's reasons for not awarding restitution.

Because the defendant did not raise the issue of restitution in its pleading and because it does not appear that the parties actually litigated that issue,[4] the defendant's claim for restitution was not before the court properly. Moreover, because the defendant's claim for restitution was not raised at trial or ruled on by the court, we may not decide it on appeal. See *State* v. *Moody,* supra, 77 Conn. App. 204; see also *Springfield Oil Services, Inc.* v. *Conlon,* 77 Conn. App. 289, 290 n.1, 823 A.2d 345 (2003); *Ritcher* v. *Childers,* 2 Conn. App. 315, 318, 478 A.2d 613 (1984) ("theory upon which a case is tried in the trial court cannot be changed on review, and an issue not presented to or considered by the trial court cannot be raised for the first time on review").

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] At trial, the defendant presented evidence as to the amount it spent in beginning construction of the kidney shaped pool, but that is not, contrary to the defendant's assertions, the proper measure of a party's restitution interest. A party's restitution interest is based not on what the party spent in partial performance of the contract, but on the value of a benefit conferred to the other party. See *Bernstein* v. *Nemeyer,* supra, 213 Conn. 674; *Kim* v. *Magnotta,* 49 Conn. App. 203, 212, 714 A.2d 38 (1998), rev'd in part on other grounds, 249 Conn. 94, 733 A.2d 809 (1999); 3 Restatement (Second), Contracts §§ 370, 371 (1981). The determination of whether the defendant was entitled to damages in restitution, therefore, involved a determination as to whether the defendant had conferred a benefit on the plaintiffs and, if so, the value of that alleged benefit. The parties did not present evidence on those issues.