# HEMA MENON *v.* ANN DUX
## (AC 23563)

Schaller, McLachlan and Berdon, Js.

Argued October 22, 2003—officially released January 20, 2004

*John R. Williams*, for the appellant (plaintiff).

*Kieran S. Cassidy*, for the appellee (defendant).

*Opinion*

McLACHLAN, J. This appeal arises out of a negligence action brought by the plaintiff, Hema Menon, for the alleged liability of the defendant, Ann Dux, in causing an automobile collision. The plaintiff challenges both the trial court's judgment in favor of the defendant, rendered after a jury verdict, and the court's subsequent denial of her motion to set aside the verdict. On appeal, the plaintiff claims that the court improperly (1) excluded certain testimony relating to the cost of repairing the damage to her vehicle as a result of the collision, (2) instructed the jury concerning its discretion in determining the verdict and (3) denied her motion to set aside the verdict. We affirm the judgment of the trial court.

Following jury selection, the court bifurcated the trial into two phases, liability and damages. During their testimony in the liability phase, the plaintiff and defendant provided conflicting versions of the events leading to the accident, essentially offering competing accounts of the directions in which the vehicles were traveling and the manner in which the collision occurred. Officer Lawrence Frinton of the Danbury police department, who investigated the accident scene, also testified. In his original accident report, Frinton provided a diagram of the accident based on his conversations with the plaintiff and the defendant immediately following the accident, and on his observations of the scene. This diagram was consistent with the version of events

advanced by the defendant. Frinton's report also contained a narrative, however, which contained certain statements that contradicted the diagram and, in fact, supported the plaintiff's version of events. Frinton later filed a narrative supplement to the accident report in which he indicated that in his original report, he mistakenly described the position and directional movement of the defendant's vehicle. He clarified that this description was in error and that in his opinion, the collision had occurred in the manner described by the defendant.[1]

Following the conclusion of evidence in the liability phase, the jury returned a verdict in favor of the defendant. The plaintiff subsequently filed a motion to set aside the verdict, pursuant to Practice Book § 16-35, on the ground, inter alia, that the verdict was contrary to the evidence. The motion was denied, and judgment was rendered in favor of the defendant. The plaintiff now appeals.

## I

The plaintiff first claims that the court improperly excluded evidence concerning the cost of repairing the damage to her vehicle as a result of the collision. The court excluded that evidence on the ground that although it would be appropriate in the damages phase of the trial, it was irrelevant to the liability phase. The plaintiff asserts for the first time on appeal that this testimony should have been permitted as circumstantial evidence showing that at the time of the collision, the defendant's vehicle was traveling at a high rate of speed. We decline to review the claim.

The record reveals that on redirect examination, the plaintiff's counsel questioned the plaintiff about the

---

[1] Also testifying at trial was the plaintiff's mother, a passenger in the plaintiff's vehicle. With respect to the circumstances surrounding the collision, her testimony essentially mirrored that of the plaintiff.

damage to her vehicle. After the plaintiff explained the nature of the damage, counsel inquired as to the cost of repairing such damage. The defendant's counsel objected to that question on relevancy grounds and, in sustaining the objection, the court reasoned that because the testimony was relevant only to the issue of damages, it should be postponed until the damages phase of the trial. In response to the court's determination, the plaintiff's counsel articulated no rationale for permitting the testimony or any objection to the court's ruling and, quite to the contrary, expressly acquiesced to the ruling.[2]

The plaintiff now asserts that the testimony should have been permitted because the extent of damage to her vehicle comprised circumstantial evidence of the speed at which the defendant's vehicle was traveling at the time of the collision. The plaintiff now maintains that because such testimony would have supported her argument that the defendant was speeding prior to the collision, the testimony was relevant to the issue of liability and, therefore, should have been permitted.

---

[2] The following colloquy occurred during redirect examination of the plaintiff:

"[The Plaintiff's Counsel]: Do you recall what the damage estimate was to repair these areas?

"[The Witness]: Yes.

"[The Defendant's Counsel]: Objection. That's irrelevant, Your Honor.

"The Court: At the present time in the status of the record, I have to sustain the objection.

"[The Plaintiff's Counsel]: I'm merely offering it—

"The Court: It would be relevant to the question of the force of the collision—

"[The Plaintiff's Counsel]: Yes.

"The Court:—which, that may become a question relevant as to the nature and extent of the damages. But seeing that we're in a bifurcated trial, I don't think it's really relevant now as to the extent of the damage. It's conceded that both vehicles came into contact, and, of course, there was a picture that showed damage to the front of the car.

"[The Plaintiff's Counsel]: Okay.

"The Court: So, for right now, why don't we just postpone that?

"[The Plaintiff's Counsel]: All right."

It is well established that "[t]his court will not review issues of law that are raised for the first time on appeal. . . . We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim." (Internal quotation marks omitted.) *Strouth* v. *Pools by Murphy & Sons, Inc.*, 79 Conn. App. 55, 62, 829 A.2d 102 (2003).

Although the plaintiff attempted to introduce testimony of the extent of the damage to her vehicle, she did not articulate any evidentiary rule on which such testimony was admissible. For this court now to consider her claim on the basis of a specific legal ground not raised during trial would "amount to trial by ambuscade, unfair both to the trial court and to the opposing party." (Internal quotation marks omitted.) *State* v. *Westberry*, 68 Conn. App. 622, 628 n.3, 792 A.2d 154, cert. denied, 260 Conn. 923, 797 A.2d 519 (2002). Accordingly, we will not afford review to that unpreserved claim.[3]

## II

The plaintiff next claims that the court improperly instructed the jury concerning its discretion in determining a verdict. Specifically, the plaintiff claims that the court's charge conveyed to the jury that it had unbridled discretion to disregard the law in reaching a verdict. The plaintiff concedes that she did not take exception to the jury charge at trial, and our review of the record reveals that she did not submit a written request to charge. Accordingly, the plaintiff's claim was

[3] We note that the plaintiff did not seek review of the unpreserved ground under the rubric of plain error. As we have consistently stated, "it is not appropriate to engage in a level of review that is not requested." *State* v. *Hermann*, 38 Conn. App. 56, 65, 658 A.2d 148, cert. denied, 235 Conn. 903, 665 A.2d 904 (1995). We therefore do not consider whether review of the claim is warranted under the plain error doctrine.

not preserved for appellate review. See Practice Book § 16-20; *Pestey* v. *Cushman*, 259 Conn. 345, 372–73, 788 A.2d 496 (2002).[4] Nevertheless, a party may prevail on an unpreserved claim under the plain error doctrine if such review is affirmatively requested. See Practice Book § 60-5; *State* v. *Ramos*, 261 Conn. 156, 171, 801 A.2d 788 (2002).[5] As the plaintiff has requested plain error review, we must consider whether such review is warranted.

As we often have stated, "[p]lain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice. . . . Furthermore, even if the error is so apparent and review is afforded, the defendant cannot prevail on the basis of an error that lacks constitutional dimension unless he demonstrates that it likely affected the result of the trial." (Citation omitted; internal quotation marks omitted.) *State* v. *Thompson*, 71 Conn. App. 8, 12 n.4, 799 A.2d 1126 (2002).

The plaintiff has failed to demonstrate that the court's instruction was so obviously erroneous that it affected the fairness and integrity of and public confidence in the judicial proceedings or that failure to grant the

[4] Practice Book § 42-16 provides in relevant part: "An appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. . . ."

[5] Practice Book § 60-5 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

requested relief will result in manifest injustice.[6] See
id. We accordingly conclude that plain error review
is unwarranted.

### III

The plaintiff last claims that the court improperly
denied her motion to set aside the jury's verdict. Specifi-
cally, the plaintiff claims that the evidence adduced at
trial demonstrated that the collision could not have
occurred in the manner alleged by the defendant and
subsequently accepted by the jury. We disagree.

"[T]he proper appellate standard of review when con-
sidering the action of a trial court granting or denying
a motion to set aside a verdict and motion for a new
trial . . . [is] the abuse of discretion standard. . . . In
determining whether there has been an abuse of discre-
tion, every reasonable presumption should be given in
favor of the correctness of the court's ruling. . . .
Reversal is required only where an abuse of discretion
is manifest or where injustice appears to have been
done. . . .

"A court is empowered to set aside a jury verdict
when, in the court's opinion, the verdict is contrary to
the law or unsupported by the evidence. . . . A verdict
should not be set aside, however, where it is apparent
that there was some evidence on which the jury might
reasonably have reached its conclusion. . . . In analyz-
ing a sufficiency of the evidence claim, the test that we
employ is whether, on the basis of the evidence before
the jury, a reasonable and properly motivated jury could
return the verdict that it did. . . . On appellate review,

---

[6] The specific portion of the jury instruction to which the plaintiff objects
states: "As I said to you when you were first sworn in, you always do the
right thing. You don't have to worry about whether you did the wrong thing,
so don't worry about that." That one sentence, considered in the context
of the court's thirty-one pages of instruction, does not rise to the level of
the truly extraordinary situation for which we reserve plain error review.

therefore, we will give the evidence the most favorable reasonable construction in support of the verdict to which it is entitled." (Internal quotation marks omitted.) *Carusillo* v. *Associated Women's Health Specialists, P.C.*, 79 Conn. App. 649, 653, 831 A.2d 255 (2003). "We do not . . . determine whether a conclusion different from the one reached could have been reached. . . . A verdict must stand if it is one that a jury reasonably could have returned and the trial court has accepted." (Internal quotation marks omitted.) *Arnone* v. *Enfield*, 79 Conn. App. 501, 506, 831 A.2d 260, cert. denied, 266 Conn. 932, 837 A.2d 804 (2003).

The pivotal issue in the plaintiff's claim is the conflicting testimony offered by the plaintiff and the defendant as to the circumstances leading to the collision. Although the plaintiff's testimony roundly contradicted that of the defendant, and the jury reasonably could have elected to believe the plaintiff and not the defendant, our task is not to determine whether a conclusion different from the one arrived at could have been reached, but rather to determine if there was *some evidence* on which the jury might reasonably have reached its conclusion. See *Carusillo* v. *Associated Women's Health Specialists, P.C.*, supra, 79 Conn. App. 653.

Although it was not supported by the entire record, the version of events advanced by the defendant and accepted by the jury was adequately supported by the record. Not only was the defendant's version consistent with the damage sustained by both vehicles, it also was bolstered by Frinton's testimony that in his opinion, the accident occurred in the manner described by the defendant. We accordingly conclude that the jury's verdict was not contrary to the evidence and that the court did not abuse its discretion in denying the plaintiff's motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.