## MATTHEW J. ALAIMO *v.* BEACON INDUSTRIES, INC.
### (AC 25667)

Dranginis, McLachlan and Foti, Js.

Argued March 28—officially released May 31, 2005

*Kenneth J. McDonnell,* for the appellant (plaintiff).

*Stephen W. Aronson,* with whom, on the brief, were *Linda L. Morkan* and *Hillel Y. Levin,* for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Matthew J. Alaimo, appeals from the judgment of the trial court in favor of the defendant, Beacon Industries, Inc., in an action for, inter alia, breach of an employment contract. On appeal, the plaintiff claims that the court improperly found that the defendant could reduce the plaintiff's salary without breaching the contract and triggering the provisions of the contract's separation clause. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. The defendant manufactures parts for aerospace and power generation companies. In January, 2000, the defendant's senior vice president, Glenn Tuttle, offered a position to the plaintiff and asked him to draft an employment agreement. The plaintiff prepared a one page agreement that provided for a starting base salary of $95,000 "to

be reviewed annually." The agreement also included a separation clause stating that "[i]n the event that there is a fair and reasonable extenuating circumstance that requires [the defendant] to terminate this agreement, [the defendant] would give three months notice and 8 weeks base salary severance pay." Tuttle signed the agreement on January 28, 2000, and the plaintiff commenced his employment on February 15, 2000.

The defendant increased the plaintiff's salary to $102,000 effective March 12, 2001. In January, 2002, the defendant issued a notice to all its employees that "[s]alary [a]djustments have been placed on hold . . . . This is necessary in view of changes in the [a]erospace industry in general and our customers in particular." The defendant decreased the plaintiff's salary to $85,000 effective September 2, 2002. The defendant's "payroll change notice," establishing the reduced salary, explained that the reduction was "based on performance and business conditions."

The plaintiff informed Tuttle that the salary reduction was a violation of the employment agreement. The plaintiff then secured new employment and notified the defendant by letter that it had violated the agreement and constructively terminated his employment. On April 11, 2003, the plaintiff filed a complaint in the Superior Court, alleging that the defendant failed to pay him wages at the annual rate of $102,000 from September to November, 2002, and failed to comply with the separation clause of the employment agreement. The court rendered judgment for the defendant. This appeal followed.

The plaintiff argues that the defendant's reduction of his salary terminated the employment agreement and triggered the separation clause. At oral argument, the plaintiff claimed that any change in the starting base salary would terminate the agreement, and, therefore,

he agreed that the increase in his salary to $102,000 terminated the agreement. The plaintiff claimed that because he accepted the increase, his new base salary became $102,000 and was not subject to further change without another termination of the agreement. We disagree.

The court concluded, and the parties do not dispute, that the employment agreement is not ambiguous. Where there is definitive contract language, we are presented with a question of law and our review is plenary. *Radding* v. *Freedom Choice Mortgage, LLC*, 76 Conn. App. 366, 374, 820 A.2d 317 (2003). "Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) *HLO Land Ownership Associates Ltd. Partnership* v. *Hartford*, 248 Conn. 350, 357, 727 A.2d 1260 (1999).

The record discloses that the plaintiff prepared and the defendant accepted the employment agreement. The agreement states that the plaintiff's salary was "to be reviewed annually." Nothing in the agreement indicates that a review resulting in a salary decrease constitutes a termination of the agreement. The plaintiff easily could have included language that clearly set forth the circumstances that would trigger the separation clause relative to any adjustment of his base salary. He did not do so.

The plaintiff does not take issue with the facts found by the court. We therefore need not determine whether any of those findings were clearly erroneous. Whether there has been a material breach of a contract is a question of fact. *Strouth* v. *Pools by Murphy & Sons, Inc.*, 79 Conn. App. 55, 59, 829 A.2d 102 (2003). The court found that the defendant had not breached the agreement because the parties had not agreed that the plaintiff's salary could not be reduced. The court con-

cluded that the separation clause never was triggered and that the plaintiff breached the agreement by quitting his job. We determine that this conclusion was proper and therefore reject the plaintiff's claim.

The judgment is affirmed.