### KENNETH CAPOZZIELLO *v.* ROBYN ROBINSON
### (AC 27026)

Schaller, Bishop and Lavine, Js.

Argued April 17—officially released June 26, 2007

*H. Jeffrey Beck*, for the appellant (plaintiff).

*Timothy S. Jajliardo*, for the appellee (defendant).

PER CURIAM. The plaintiff, Kenneth Capozziello, appeals from the judgment of the trial court rendered in favor of the defendant, Robyn Robinson, following a jury trial. On appeal, the plaintiff claims that the court committed plain error in revealing to the jury the existence of collateral sources available to pay his medical expenses. We affirm the judgment of the trial court.

The plaintiff's action arose out of personal injuries and damages sustained as a result of an accident involving his motorcycle and the defendant's vehicle. On appeal, the plaintiff contends that the court improperly (1) permitted the defendant's counsel to question the plaintiff on cross-examination as to whether he had medical insurance[1] and (2) referenced medical insurance in its charge to the jury.[2] The plaintiff concedes that he neither objected to the question by the defendant's counsel nor took exception to the charge. The plaintiff therefore seeks review of his unpreserved

---

[1] On cross-examination of the plaintiff, the following colloquy occurred:

"[The Defendant's Counsel]: "Now, you . . . indicated, correct, that you can't afford [the surgery], right?"

"[The Plaintiff]: That's one of the reasons, yes.

"[The Defendant's Counsel]: Okay. But you have medical insurance, don't you?

"[The Plaintiff]: Excuse me?

"[The Defendant's Counsel]: You have medical insurance, don't you?"

Prior to an answer being given, the plaintiff's counsel asked to approach the bench and the court held a sidebar conference.

[2] In its charge to the jury, the court stated: "Now, you've heard reference to insurance, and there may be references on the medical bills to insurance, which may or may not cover some of the medical expenses incurred by the plaintiff. You're not to concern yourself with whether or not there was insurance coverage for some or any of these expenses, nor should you speculate or guess as to what amount, if any . . . may have been [paid] by insurance. Any payments made are not your concern because after the case is over, the court makes any and all necessary adjustments to your verdict . . . and we take into account any payments . . . that were made from . . . collateral sources."

claims under the plain error doctrine pursuant to Practice Book § 60-5. Review under the plain error doctrine "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *Menon* v. *Dux*, 81 Conn. App. 167, 172, 838 A.2d 1038, cert. denied, 269 Conn. 913, 852 A.2d 743, cert. denied, 543 U.S. 1003, 125 S. Ct. 623, 160 L. Ed. 2d 463 (2004).

After reviewing the entire record before us, we conclude that the court did not commit plain error. It is well established that the existence of collateral sources should not be revealed to the jury. General Statutes § 52-225a (b) provides in relevant part that "[u]pon a finding of liability and an awarding of damages by the trier of fact . . . *the court* shall receive evidence . . . concerning the total amount of collateral sources which have been paid for the benefit of the claimant . . . ." (Emphasis added.) In the present case, the court did not improperly allow evidence of collateral sources to be admitted to the jury. The question by the defendant's counsel as to whether the plaintiff had medical insurance was neither objected to nor answered. Further, in its charge to the jury, the court simply explained in accordance with § 52-225a (b) that although there were references to medical insurance during trial and in medical bills introduced into evidence by the plaintiff, the jury was not to consider whether the plaintiff had medical insurance in reaching its verdict because the court would adjust the verdict on the basis of any amounts paid by collateral sources. See footnote 2.

The judgment is affirmed.