JOSEPH LEWIS *v.* TINA E. DREW ET AL.
(AC 32268)

Gruendel, Robinson and Schaller, Js.

Argued October 14—officially released November 29, 2011

*Robert N. Saraco, Jr.*, for the appellant (plaintiff).

*Ronald D. Williams, Jr.*, for the appellee (defendant state of Connecticut).

GRUENDEL, J. The plaintiff, Joseph Lewis, appeals from the judgment of the trial court denying his motion to set aside a verdict partially in his favor. He claims that the court abused its discretion in denying that motion in light of an allegedly improper jury instruction on apportionment of liability at trial. We affirm the judgment of the trial court.

This case concerns injuries sustained by the plaintiff while a prisoner in the custody of the commissioner of correction. From the evidence adduced at trial, the jury reasonably could have found the following facts. In the early hours of September 9, 2004, the plaintiff was a rear seat passenger in a motor vehicle (vehicle) owned by the state of Connecticut and operated by Richard J. Bellemare, an employee of the department of correction. The vehicle at that time was travelling northbound on Interstate 95 to transport the plaintiff from the Bridgeport correctional facility to the Gates correctional facility in Niantic. Just before exit 44 in West Haven, an unidentified tractor trailer truck drifted left from the center lane into the vehicle's lane, striking the vehicle. Bellemare lost control of the vehicle, which crashed into the median barrier before coming to rest in the center of the highway. Moments later, the vehicle was struck by another motor vehicle operated by Tina E. Drew. The plaintiff sustained multiple injuries, including sprains of the cervical and lumbar spine and a labral tear of the right shoulder.

The plaintiff thereafter commenced a civil action. The operative complaint at the time of trial consisted of two counts against the defendant state of Connecticut.[1] In the first count, the plaintiff alleged that his

[1] Also named as defendants in the plaintiff's original complaint were Drew, Janet J. Barrett and Bellemare. The plaintiff withdrew the action with respect to Drew and Barrett on May 22, 2007, and the court, on January 2, 2008, dismissed the action against Bellemare, concluding that General Statutes § 4-165 afforded him statutory immunity from suit.

injuries and damages were caused by the negligence of the state "acting by and through . . . Bellemare . . . ." The second count set forth a claim against the state for uninsured motorist benefits, asserting that at the time of the accident the vehicle was insured under an insurance policy with the state that provided $20,000 in uninsured motorist benefits. In its answer, the state admitted, inter alia, that the plaintiff "is afforded uninsured motorist coverage up to $20,000 and that said coverage is triggered by the negligence of the unidentified [tractor trailer] operator who fled the accident scene."

A jury trial followed, at the conclusion of which the jury found in favor of the state on count one and in favor of the plaintiff on count two. The jury awarded the plaintiff $182,979 in damages, which the court subsequently reduced upon motion of the state in accordance with the $20,000 uninsured motorist policy limit.[2] The plaintiff also moved to set aside the verdict, claiming that the court improperly charged the jury on the apportionment of liability regarding the negligence count. The court denied that motion and this appeal followed.

The plaintiff's sole contention is that the court abused its discretion in denying his motion to set aside the verdict. He argues that the court improperly failed to charge the jury that it could apportion liability among the unidentified tractor trailer driver, in addition to Bellemare and Drew, with respect to the first count of negligence against the state. Because the plaintiff neither submitted a request to charge nor took an exception to the court's instruction in that regard, we decline to entertain the merits of that unpreserved claim.

As the court noted in its order denying the plaintiff's motion, the parties were required to file proposed jury

---

[2] Prior to trial, the court ruled that the jury would not be apprised as to the precise amount of uninsured motorist coverage under the policy.

instructions on the first day of evidence. The court further asked the parties to file any proposed verdict forms and interrogatories. It is undisputed that the plaintiff did not comply therewith.

During its instruction to the jury, the court informed the jury that if it found Bellemare negligent in the operation of the vehicle, it then must decide if that negligence was a legal cause of the plaintiff's claimed injuries. The court continued: "If you have found that the [state] is negligent [under count one], you must then decide what proportion of the plaintiff's injuries were caused by the [state's] negligence and what proportion of the injuries were caused by the negligence of Tina Drew. Connecticut law requires that the jury specify the percentage of negligence that proximately caused the injury in relation to 100 percent, attributable to each party whose negligent actions were a proximate cause of the injury.

"So, as I said, you've heard evidence that the plaintiff also brought suit against Tina Drew, alleging that her negligence caused injury to the plaintiff. . . . [A]ssuming that you have found . . . Bellemare negligent . . . [y]ou may determine that one party is fully responsible while the other is not responsible at all or you may determine that they are both responsible. In apportioning the negligence . . . consider the nature of the negligence and the degree and extent to which the act of negligence was a proximate cause of the accident. Consider the totality of the acts and the conduct of each operator and the degree to which, if any, contributed to the occurrence. [B]ear in mind that the total percentage of negligence must be 100 percent . . . ."

With respect to count two, the court began its instruction by explaining to the jury the purpose of uninsured motorist coverage. It then stated: "For the state to be liable to the plaintiff [under count two], the plaintiff must show that the [tractor trailer] driver was negligent,

that the negligence caused injury to the plaintiff and that the [tractor trailer] driver did not have any insurance. The state has admitted that it provided uninsured motorist's coverage to the plaintiff for the subject accident. In addition, it has admitted that the operator of the tractor trailer fled the scene and was not identified and that that triggers the uninsured motorist's coverage provided by the state. Accordingly, the only issues in dispute concerning the second count of the complaint are, one, whether the accident was caused by the negligence of the tractor trailer driver, and, if so, two, whether that negligence caused injury and damages claimed by the plaintiff. If you find that the accident was caused by negligence of the tractor trailer driver and that the negligence caused the injury to the plaintiff, you should find in favor of the plaintiff and thereafter follow my instructions on damages." Furthermore, in instructing the jury on the verdict forms before it, the court explained how the jury should proceed both if it found in favor of the plaintiff on count one "against [the state] as to negligence" and if it found in favor of the plaintiff on the second count concerning uninsured motorist benefits.

The plaintiff did not take an objection to the aforementioned instructions.[3] His failure to do so is fatal to his claim on appeal. It is well established under Connecticut law that "[a] party may preserve for appeal a claim that a jury instruction was improper either by submitting a written request to charge or by taking an exception to the charge as given." *Pestey* v. *Cushman*, 259 Conn. 345, 372–73, 788 A.2d 496 (2002); see also *Menon* v. *Dux*, 81 Conn. App. 167, 171–72, 838 A.2d

---

[3] After delivering its initial instructions and outside the presence of the jury, the court inquired as to whether the plaintiff had any objections. In response, the plaintiff raised objections to an instruction concerning bias and to the nature of a verdict form detailing economic damages, neither of which is at issue in this appeal. He voiced no objection concerning the apportionment of liability.

1038, cert. denied, 269 Conn. 913, 852 A.2d 743, cert. denied, 543 U.S. 1003, 125 S. Ct. 623, 160 L. Ed. 2d 463 (2004). Our rules of practice likewise set forth these prerequisites to appellate review. See Practice Book §§ 16-20 and 42-16.[4]

The plaintiff in the present case did not submit a written request to charge as to apportionment of liability. Moreover, the transcript of February 22, 2010, indicates that he did not take an exception to the instruction of which he now complains. In his appellate brief, the plaintiff points to a colloquy with the court, in which the defendant voiced a concern over a lack of clarity in the court's instructions on the two counts, as evincing a distinct objection on his part.[5] The transcript belies that claim. In that colloquy, counsel for the state raised an objection as to the court's instructions, suggesting that the court's instruction on "how count one and count two work" was unclear. Significantly, the plaintiff's counsel responded, "I believe Your Honor's instructions were pretty clear on the issue between counts one and two."

Counsel for the state nevertheless argued that the court should instruct the jury that it must either "find in favor of the plaintiff on count one only if it's proven that the negligence of . . . Bellemare caused the accident" or "find in favor of the plaintiff on count two if

---

[4] Titled "Requests to Charge and Exceptions; Necessity for," Practice Book § 16-20 provides: "An appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. The exception shall be taken out of the hearing of the jury." Practice Book § 42-16, the counterpart to Practice Book § 16-20 for criminal matters, contains identical language.

[5] At oral argument, the plaintiff conceded that he did not take an explicit exception to the court's instruction, but rather characterized his exception as an "implicit" one.

you find it proven that the negligence of the tractor trailer driver was the cause of the accident . . . ." He maintained that the jury could only find, as the court stated, "one or the other." When the court inquired as to "why couldn't the jury find both the tractor trailer driver was negligent and . . . Bellemare was negligent," counsel for the state replied that negligence cannot be apportioned against the tractor trailer driver "because he's unidentified." At that time, the plaintiff's counsel expressed his disagreement with the proposition that "if [the jury finds] the uninsured [tractor trailer driver] negligent, they can't find [Bellemare negligent]?" The court, in apparent agreement with the plaintiff's counsel, thereafter declined to instruct the jury as requested by counsel for the state.[6]

Under our rules of practice, a party must "state distinctly the matter objected to and the ground of objection. . . ." Practice Book § 16-20. We find untenable the plaintiff's position that, by indicating his disagreement with the aforementioned position of the state, the plaintiff thereby "objected to the charge because it would reasonably lead the jury to conclude that it could apportion negligence between . . . Bellemare and . . . Drew as to the [f]irst [c]ount, but could not include in the jury's apportionment exercise the third alleged tortfeasor, the unidentified tractor trailer driver sued through the [uninsured motorist policy] in the [s]econd

---

[6] In its order denying the motion to set aside the verdict, the court emphasized that the jury was free to find in favor of the plaintiff on both counts. During oral argument before this court, the plaintiff's counsel specifically was asked if the court instructed the jury that it could not find in favor of the plaintiff on both counts. Counsel responded affirmatively, stating that the court "instructed that it is either A or B, not both, [the court] did instruct that to the jury, that if you find in favor of the plaintiff on count one, you cannot on count two" and that the court's instructions "said it has to be A or B, and can't be both." We carefully have reviewed the February 22, 2010 transcript and find no support for the plaintiff's representation. At no point in that proceeding did the court instruct the jury that it could not find in favor of the plaintiff on both counts.

[c]ount." Although distinctly stated in his appellate brief, no such objection was uttered before the trial court immediately after the charge was delivered. See id. It bears repeating that the plaintiff, in disagreeing with the state's objection, at that time opined that the court's "instructions were pretty clear on the issue between counts one and two."

"Our review of the trial court's action on a motion to set aside the verdict involves a determination of whether the trial court abused its discretion, according great weight to the action of the trial court and indulging every reasonable presumption in favor of its correctness . . . ." (Internal quotation marks omitted.) *O'Briskie* v. *Berry*, 95 Conn. App. 300, 305–306, 897 A.2d 605 (2006). In the face of the plaintiff's noncompliance with the prerequisites to appellate review of his allegation of instructional impropriety, we cannot say that the court abused its discretion in denying the motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.